

Case 05-28143    Filed 12/29/05    Doc 54

FILED
DEC 29 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MINSTER, HOWARD I.,<br><br>        Debtor. | Case No. 05-28143-D-7 |

MEMORANDUM DECISION

The debtor's petition was initially filed as a Chapter 7 on July 5, 2005, converted to Chapter 13 on August 4, 2005, and then reconverted to Chapter 7 on September 26, 2005. The debtor and the chapter 7 trustee have stipulated to the extension of the deadlines to file complaints under 11 U.S.C. §§ 523(a) and 727(a), to file motions to dismiss under 11 U.S.C. § 707, and to object to exemptions under 11 U.S.C. § 522.

    There are four problems.

    First, the extensions are not for the benefit of just the trustee. The stipulation is broadly worded to make all parties in interest the beneficiaries of the extensions. No other party in interest, however, has asked for an extension of any deadlines or joined in the trustee's request for an extension. Therefore, the extension will be limited to just the trustee.

    Second, to the extent the trustee is seeking to extend the deadline set by Fed. R. Bankr. P. 4007(c) for the filing of

dischargeability complaints under 11 U.S.C. § 523(c), the trustee lacks standing to request the extension. Complaints under section 523(c) must be based on pre-petition conduct. The trustee holds no pre-petition claim against the debtor which can be made nondischargeable.

Third, 11 U.S.C. § 707(b) and Fed. R. Bankr. P. 1017(e)(1) provide that a motion to dismiss a petition pursuant to section 707(b) may be brought only by the United States Trustee. Consequently, an extension of the deadline for filing a motion under section 707(b) can be granted only upon a "request by the United States Trustee." See Fed. R. Bankr. P. 1017(e)(1). Once again, the trustee here has no standing to seek this extension. To the extent the motion for an extension pertains to a dismissal motion under sections other than section 707(b), neither the Bankruptcy Code nor the Bankruptcy Rules impose any deadline for filing such motions. There is no need for an extension.

Fourth, the deadline set by Fed. R. Bankr. P. 4003(b) for objecting to exemptions runs from the conclusion of the meeting of creditors. All such objections must be filed no later than 30 days after the conclusion of that meeting.

The docket indicates that the meeting was continued to February 24, 2006. Because the deadline for objections runs from the conclusion of the meeting, there is no danger that the deadline will expire before the trustee can examine the debtor. Therefore, in the absence of some other reason for an extension of deadline for objections, this aspect of the requested extension will be denied.

Bankruptcy Rule 4004(b) provides that the court may extend the deadline for filing a complaint under section 727 for cause. The

1  motion must be filed before the deadline expires.  The deadline in
2  this case in January 17, 2006.  The stipulation was filed prior to
3  January 17, 2006.  It is timely.
4     Given the stipulation for the extension, it is evidence the
5  parties agree there is cause for an extension.  The court also
6  agrees.  The current deadline will expire before the continued
7  meeting of creditors on February 24, 2006.  The trustee is entitled
8  to complete the examination of the debtor before being put to a
9  decision regarding the filing of a discharge objection.  The court
10 will grant this aspect of the requested extension in a separate
11 order.
12    To the extent the court may have failed to perceive reasons not
13 stated in the stipulation that may justify the extensions it has
14 denied, the denial is without prejudice to a noticed motion filed
15 before the expiration of the applicable deadline.
16    A separate order will be entered.

18 Dated:  DEC 2 9 2005          /s/ Robert Bardwil
19                               Robert S. Bardwil
                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| Prem N. Dhawan | U.S. Trustee | Douglas S. Wander |
| PO Box 965 | 501 I St #7-500 | 638 Lewis Ave |
| Benicia, CA 94510 | Sacramento, CA 95814 | Yuba City, CA 95991 |

DATED: 1/4/06                By: _____
                                    Deputy Clerk

EDC 3-070 (New 4/21/00)