FILED

MAR 24 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-28143-D-7 |
| ) | |
| MINSTER, HOWARD I., ) | Docket Control No. MS-1 |
| ) | |
| Debtor. ) | DATE:   March 22, 2006 |
| ) | TIME:   10:00 a.m. |
| _____ ) | DEPT:   D (Courtroom 34) |

## MEMORANDUM DECISION

On July 5, 2005 Howard Minster, ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code ("Code"). On October 24, 2005, Union Bank of California, N.A. (the "Bank") filed a complaint for nondischargeability of debt and objecting to the Debtor's discharge (the "Complaint"). The Complaint requested that the Debtor's indebtedness to the Bank be declared nondischargeable pursuant to section 523(a)(2) of the Code and that the court determine that the Debtor is not entitled to a discharge pursuant to section 727(a)(3) of the Code.

On February 21, 2006, the Bank filed a motion to dismiss the denial of discharge cause of action or claim (the "Motion"), pursuant to Federal Rule of Bankruptcy Procedure Rule("FRBP")7041. Prem M. Dhawan, the Chapter 7 trustee in this case, filed opposition to the Motion. The matter came on for hearing at the date and time indicated above and the matter was taken under submission after oral argument.

The Motion states that the Complaint included the section 727 claim because the Bank was of the belief that the Debtor failed to account for proceeds (tens of thousands of dollars), from a pre-petition refinance and subsequent sale of his residence. The Motion goes on to state that the Bank took the Debtor's FRBP 2004 examination, after which the parties went through mediation. It was during this mediation says the Bank, that the Debtor provided a satisfactory explanation of his use of the proceeds from the pre-petition refinance and sale of his residence. Following mediation, the Bank and the Debtor reached a settlement of the section 523(a)(2) and section 727(a)(3) claims. The Bank then filed the Motion, asking the court to dismiss the section 727(a)(3) cause of action.

The Motion states that pursuant to the settlement the Debtor "will pay the Bank $15,000 over 15 months subject to certain conditions (namely that he obtain a discharge and that this motion be granted)." The Bank did not provide a copy of the settlement agreement. The Motion does not explain, or go into even in the most summary fashion, the merits of the Bank's section 523 claim and why the Debtor and the Bank settled the claim for $15,000.

It is contrary to public policy for a debtor to "purchase" his discharge. Case law makes clear that public policy concerns arise where the circumstances surrounding the request for dismissal of a section 727 cause of action create the appearance that the debtor is purchasing his discharge. See, In re McKissack, 320 B.R. 703, 712-714 (Bank. D. Colo. 2005); In re Kallstrom, 298 B.R. 753, 758-759 ( B.A.P. 10th Cir. 2003). While the it is not per se inappropriate to dismiss a section 727 cause of action when it is combined with a section 523 cause of action, the appropriateness of dismissal will be

highly fact driven.

In the case at hand, the Bank asserts that after investigation, the Debtor satisfied the Bank that its section 727(a)(3) claim is without merit and that the $15,000 payment is solely to satisfy the Bank's section 523(c)(2) claim.  However, the Motion and attendant pleadings are devoid of any meaningful analysis as to the merits of the section 523 and/or section 727 claims.  The fact that Debtor's $15,000 payment to the Bank is conditioned upon the Debtor obtaining a discharge can certainly be perceived as the Debtor "purchasing" his discharge.  The court appreciates that the payment to the Bank is open to more than one interpretation. However, the logical inference from the settlement being conditioned on the Debtor receiving his discharge, is that the money is being paid, not to as to satisfy the section 523 claim, but for dismissal of the section 727 cause of action.

The party seeking dismissal has the burden of clearly demonstrating that there is no consideration being paid, directly or indirectly, for dismissal of the section 727 cause of action. In the present case, a copy of the settlement agreement has not been provided to the court, the settlement is described in a brief and summary fashion, and settlement of the section 523(a)(2)claim is conditioned upon the Debtor receiving his discharge.  These facts foster the perception, and the logical inference is, that the Debtor is "buying" his discharge. This is contrary to public policy. For the reasons stated the court will deny the Motion without prejudice. A separate order will be entered consistent with this memorandum decision.

Dated: MAR 2 4 2006

*/s/ Robert Bardwil*
Robert S. Bardwil
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the U.S. Trustee
501 I Street, Suite 7-500
Sacramento, CA 95814

<u>Debtor's Attorney</u>

Douglas Wander
638 Lewis Avenue
Yuba City, CA 95991

<u>Debtor</u>

Howard Minster
100 Woodview Court
Folsom, CA 95630

<u>Trustee's Attorney</u>

Gregory Hughes
Hughes & Pritchard
3017 Douglas Blvd., Suite 300
Roseville, CA 95661

<u>Moving Party</u>

Mark Serlin
Serlin & Whiteford
813 F Street, 2nd Floor
Sacramento, CA 95814

DATE: March 24, 2006

_Andrea Lovgren_
Deputy Clerk